UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON MEYER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11398** |
| **BRIAN JENCKS, SUMMERFORD TRUCK LINE, INC., and ARCH INSURANCE CO.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants Brian Jencks, Summerford Truck Line, Inc., and Arch Insurance Co.'s Motion for Partial Summary Judgment (Doc. 41). For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

This matter arises out of a vehicular collision that occurred on August 1, 2018. Following the collision, Aaron J. Meyer, individually and on behalf of his minor children, Addison Meyer and Auburn Meyer (collectively "Plaintiffs"), filed a Petition for Damages[1] against Defendants, Brian D. Jencks ("Jencks"), Summerford Truck Line, Inc. ("Summerford"), and Arch Insurance Company (collectively "Defendants"), alleging that Plaintiffs were severely injured when

---

[1] Plaintiffs initially filed suit in Louisiana state court. Defendants removed the suit to federal court on June 27, 2019.

1

the tractor-trailer operated by Jencks slammed into the passenger side of Plaintiffs' vehicle. Plaintiffs contend that the injury was caused by (1) the negligence of Jencks, who operated the vehicle while in the course and scope of his employment with Summerford, and (2) Summerford, who owned the vehicle and supervised Jencks. Plaintiffs brought claims against Jencks for negligence and claims against Summerford for negligence and vicarious liability. Specifically, Plaintiffs allege that:

> "The proximate cause of the above-referenced accident was the negligence and fault of Defendant, SUMMERFORD TRUCK LINE, INC., through ***respondeat superior*** and/or through its ***direct negligence*** which includes but is not limited to the following non-exclusive particulars: (1) Failure to establish adequate rules, regulations, and procedures for its hired drivers; (2) Allowing inexperienced or untrained agents, servants, contractors, lessors, or employees, and specifically Brian D. Jencks, to operate tractor-trailers on its behalf; (3) Failure to adequately and effectively supervise its contractors/lessors/employees/drivers, and specifically Brian D. Jencks[.]"[2]

Further, Plaintiffs claim that Arch Insurance Company is liable because it provided an insurance policy to Jencks and/or Summerford on the date of this accident.

Defendants do not contest that Jencks was operating a Summerford-owned vehicle while in the course and scope of his employment with Summerford. As such, Defendants now move for Partial Summary Judgment on the grounds that Plaintiffs are precluded from recovery against

---

[2] Doc. 1-2 at ¶ 5 (emphasis added).

Summerford for Summerford's alleged "direct negligence." Specifically, Defendants contend that when an employer admits, as it has here, that the employee was in the course and scope of his employment when the alleged negligence occurred, the plaintiffs cannot maintain both a direct negligence claim and a vicarious liability claim against the employer. Accordingly, Defendants request dismissal of Plaintiffs' direct negligence claim against Summerford.

Although Plaintiffs have not filed an opposition to Defendants' Motion, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[3] Instead, the Court will consider the merits of Defendants' arguments.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

---

[3] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam*);* John v. State of La. (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[4] Fed. R. Civ. P. 56(c).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

---

[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. RJR Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

4

## LAW AND ANALYSIS

Defendants ask this court to dismiss Plaintiffs' direct negligence claims against Summerford. Defendants argue that when an employer admits that the employee was acting within the course and scope of his employment, the plaintiff cannot simultaneously pursue vicarious liability and direct negligence claims against the employer.

Louisiana law applies to this diversity action.[12] Currently, there is no binding precedent under Louisiana law controlling this issue.[13] "If there is no ruling by the state's highest court on the specific question, the Court must make an *Erie* guess as to how the state's highest court would decide the issue."[14] Several federal courts in Louisiana have recently engaged in making an *Erie* guess on this issue and have sided with Defendant.[15] Indeed, several courts within the Fifth Circuit have held that a plaintiff cannot maintain a direct negligence claim against an employer when the employer is vicariously liable for the negligence of its employee.[16]

---

[12] Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 681 (5th Cir. 2011).
[13] Wright v. Nat'l Interstate Ins. Co., No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017).
[14] Thomas v. Chambers, No. CV 18-4373, 2019 WL 1670745, at *6 (E.D. La. Apr. 17, 2019).
[15] *Id.*; *Wright*, 2017 WL 5157537, at *2; Dennis v. Collins, No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016).
[16] *See Thomas*, 2019 WL 1670745 (Vance, J.); *Wright*, 2017 WL 5157537, at *3 (Fallon, J.); Pigott v. Heath, No. 18-9438, 2020 WL 564958, at *5 (E.D. La. Feb. 5, 2020) (Feldman, J.); Andry v. Werner Enterprises of Nebraska, No. 19-11340, 2020 WL 419296, at *1 (E.D. La. Jan. 27, 2020) (Guidry, J.); Watson v. Jones, No. 19-2219, 2020 WL 3791894 *1, *4 (E.D. La. July 7, 2020) (Lemelle, J.); *see also* Vaughn v. Taylor, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); Franco v. Mabe Trucking Co., Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Dennis v. Collins, 2016 WL 6637973, at *7; Wilcox v. Harco Int'l Ins., No. 16-187, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017).

In *Thomas v. Chambers*, the plaintiff was injured in a car accident involving a tractor-trailer operated by Randall Chambers, an employee of God's Way Trucking, LLC ("God's Way").[17] Plaintiff brought claims against Chambers for his negligence and against God's Way for vicarious liability and for negligently hiring, training, supervising, and entrusting Chambers.[18] The *Thomas* court held "that plaintiffs may not maintain both a direct negligence claim against God's Way and a claim that God's Way is vicariously liable for Chambers's negligence, because God's Way readily admits that it is vicariously liable for Chambers's alleged negligence."[19]

In so holding, the court made an *Erie* guess in reliance on the Louisiana Third Circuit Court of Appeal's decision in *Libersat v. J & K Trucking, Inc.*[20] In *Libersat*, the Third Circuit held that the district court did not err in failing to instruct the jury on the employer's duty regarding hiring and training when it "equated respondeat superior to all possible theories of recovery."[21] The court explained that:

> If Mr. Mitchell [the employee] breached a duty to the Appellants, then Patterson [his employer] is liable under the theory of respondeat superior. If Mitchell did not breach a duty to the Appellants, then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants.[22]

---

[17] *Thomas*, 2019 WL 1670745, at *1.
[18] *Id.*
[19] *Id.* at *7.
[20] 772 So. 2d 173 (La. App. 3 Cir. 2000).
[21] *Id.* at 179.
[22] *Id.*

6

Judge Vance "reasoned that, if a jury charge on the employer's standard of care is unnecessary under the scenario at issue, then summary judgment on direct negligence claims is also appropriate."[23]

This Court has twice now followed the reasoning articulated in *Thomas* and dismissed direct negligence claims against employers where vicarious liability was established.[24] Accordingly, as Plaintiffs have not provided this Court with any case reaching a contrary conclusion, Plaintiffs' claims for direct negligence against Summerford are hereby dismissed.

## CONCLUSION

For the forgoing reasons, Defendants' Motion for Partial Summary Judgment is **GRANTED**, and Plaintiffs' claims for direct negligence against Summerford Truck Line, Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 30th day of October, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[23] Giles v. ACE Am. Ins. Co., No. CV 18-6090, 2019 WL 2617170, at *2 (E.D. La. June 26, 2019) (discussing Thomas, 772 So. 2d 173).
[24] *See* Jones v. Nat'l Liab. & Fire Ins. Co., No. CV 19-4353, 2020 WL 1332944, at *1 (E.D. La. Mar. 23, 2020) (Milazzo, J.); Coffey v. Knight Refrigerated, LLC, No. 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019) (Milazzo, J.).