UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**AARON MEYER, ET AL.**                        **CIVIL ACTION**

**VERSUS**                                     **NO: 19-11398**

**BRIAN JENCKS, SUMMERFORD**                   **SECTION: "H"**
**TRUCK LINE, INC., and**
**ARCH INSURANCE CO.**

## ORDER AND REASONS

Before the Court is Defendants Brian Jencks, Summerford Truck Line, Inc., and Arch Insurance Co.'s Motion in Limine (Doc. 46). For the following reasons, the Motion is **GRANTED IN PART.**

## BACKGROUND

This matter arises out of an alleged vehicular collision that occurred on August 1, 2018 (hereinafter "the Incident"). Following the Incident, Aaron J. Meyer, individually and on behalf of his minor children, Addison Meyer and Auburn Meyer (collectively "Plaintiffs"), filed suit against Brian D. Jencks ("Jencks"), Summerford Truck Line, Inc. ("Summerford"), and Arch Insurance Company (collectively "Defendants"), alleging that Plaintiffs were severely injured when the tractor-trailer operated by Jencks hit the passenger side of Plaintiffs' vehicle.

1

Before the Court is Defendants' Motion in Limine in which Defendants seek to preclude Plaintiffs from introducing certain evidence at trial. Plaintiffs oppose the Motion.

## LAW AND ANALYSIS

In Defendants' Motion in Limine, they seek to exclude evidence of (1) the traffic citation Jencks received following the Incident, (2) the motor vehicle crash report from the Incident, (3) Jencks's prior and subsequent motor vehicle collisions, and (4) Jencks's criminal history. The admissibility of each piece of evidence is addressed in turn below.

1. *The Traffic Citation*

Defendants argue the Plaintiffs should be precluded from introducing the traffic citation Jencks received following the incident. "Numerous federal district courts have held that evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation."[1] Additionally, "the mere payment of a traffic citation does not constitute an admission against interest or confession of guilt."[2] Here, Plaintiffs have not alleged that Jencks plead guilty to the citation. Accordingly, Defendants motion to exclude evidence of Jencks's citation is granted.

---

[1] Robert v. Maurice, No. CV 18-11632, 2020 WL 4043097, at *6 (E.D. La. July 17, 2020) (and cases cited therein); Bergeron v. Great W. Cas. Co., No. CIV.A. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015) (and cases cited therein).
[2] *Bergeron*, 2015 WL 3505091, at *4.

*2. The Motor Vehicle Crash Report*

Defendants ask this Court to exclude the responding officer's motor vehicle crash report. "[A]ccident reports are out-of-court statements offered for the truth of the matters asserted therein and therefore constitute hearsay under [Federal Rule of Evidence] 801(c)."[3] Yet, a police report may qualify as a public record excluded from the rule against hearsay under Federal Rule of Evidence 803(8) if "it sets out the 'factual findings from a legally authorized investigation' and 'the opponent does not show that the source of the information or other circumstance indicate a lack of trustworthiness.'"[4] Defendants allege that the police report in this matter lacks trustworthiness because the officer did not witness the Incident. The Court, however, does not find this fact indicative of a lack of trustworthiness and therefore finds the report admissible under the hearsay exception.[5]

Despite the report's admissibility, "the Fifth Circuit has consistently excluded the portions of police reports that contained the officer's opinions and conclusions."[6] Additionally, witness statements contained within the report are hearsay within hearsay and each statement must independently conform with a hearsay exception to be admissible.[7] As the report itself is not currently

---

[3] Iglinsky v. Player, No. CIV.A. 08-650-BAJ-CN, 2010 WL 4925000, at *5 (M.D. La. July 16, 2010), *report and recommendation adopted*, No. CIV.A. 08-650-BAJ-CN, 2010 WL 4905984 (M.D. La. Nov. 24, 2010).
[4] *Robert*, 2020 WL 4043097, at *6 (quoting FED. R. EVID. 803(8)).
[5] *See* Williams v. Gaitsch, No. 5:08-CV-0772, 2011 WL 13286179, at *2 (W.D. La. May 26, 2011) ("Further this Court finds no evidence to support a finding that it is not trustworthy. Consequently, the portions of the report that reflect the police officers first-hand observations based on his investigation and experience are properly admissible.").
[6] *Id.*
[7] *Id.*; FED. R. EVID. 805.

3

before the Court and Plaintiffs do not argue the applicability of any additional hearsay exceptions, the Court finds that only the officer's first-hand observations are admissible. If Plaintiffs intend to offer the report into evidence, all excluded portions of the report must be redacted.[8]

*3. Jencks's Prior and Subsequent Vehicle Collisions and Arrests*

Defendants move to exclude evidence of Jencks's vehicle collisions prior and subsequent to the Incident, as well as Jencks's criminal history. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that evidence of Jencks's prior and subsequent collisions and arrests is more prejudicial than probative and therefore grants Defendants' request to have such evidence excluded.

## CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine (Doc. 46) is **GRANTED IN PART** as explained herein.

New Orleans, Louisiana this 19th day of January, 2021.

---

[8] *See Robert*, 2020 WL 4043097, at *6 (finding the police report admissible under Federal Rule of Evidence 803(8) but requiring that references to the cause of the accident or fault be redacted).

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**